UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROBERTO SANTOS GUZMAN,

                              Plaintiff,

            v.

THE MORGAN GROUP LLC a/k/a MORGAN
GROUP and a/k/a MORGAN GROUP LLC, 600
TRINITY LLC, and SCOTT MORGAN,

                           Defendants.

------------------------------------------------------------------X

Case No. 22-cv-07271

**COMPLAINT**

Plaintiff ROBERTO SANTOS GUZMAN ("Guzman" or "Plaintiff"), by his attorneys, RAPAPORT LAW FIRM, PLLC and MILLER LAW, PLLC, as and for his Complaint, alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action to seek unpaid wages, including overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act ("FLSA") §§ 6 and 7, 29 U.S.C. §§ 206 and 207.

2.    This action further invokes the supplemental jurisdiction of this Court to consider minimum wage and overtime claims arising under New York Labor Law ("NYLL") (e.g., New York Wage Payment Act; NY Labor Law §§ 191, 193, 195, and 12 N.Y.C.R.R. Part 141-1.9, 2.10, Part 142), and NY Labor Law § 215).

3.    At all relevant times, Defendants THE MORGAN GROUP LLC a/k/a MORGAN GROUP and a/k/a MORGAN GROUP LLC ("Morgan Group"), 600 TRINITY LLC, ("600 Trinity") and SCOTT MORGAN ("Morgan") (collectively, "Defendants")

operated as a unified and centrally-controlled real estate enterprise (the "Morgan Enterprise") that, upon information and belief, owned, controlled and operated approximately 41 apartment buildings (the "Morgan Buildings") in New York City, primarily in Bronx County.

4.    Upon information and belief, members of the Morgan family own and control the Morgan Buildings through a series of limited liability companies that exist for the purpose of nominally holding title to the Morgan Buildings.

5.    Upon information and belief, although the Morgan Buildings are titled in the names of various limited liability companies, they are controlled by the Morgan Enterprise.

6.    Defendants required Plaintiff to work in excess of forty (40) hours per week without paying him overtime compensation as required by the FLSA and/or NYLL.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction of this action pursuant to the provisions of the FLSA, 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331) and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. §1367.

8.    Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391. Defendants transact business and have agents in the Southern District and are otherwise within this Court's jurisdiction for purposes of service of process. Defendants operate facilities and employed Plaintiff in this judicial district.

9.    This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiff within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the

Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Fed. R. Civ. P. 4(h)(1).

10.    Defendants' regular and ongoing transaction of business in the State of New York includes, *inter alia*, actively operating, owning and controlling the Morgan Buildings in New York City, and by employing individuals, including but not limited to Plaintiff, at these buildings.

11.    A declaratory judgment is authorized in this case by 28 U.S.C. § 2201.

## THE PARTIES

**Plaintiff:**

12.    Plaintiff is an adult, natural person who resides in Bronx County, New York.

13.    Approximately twelve years ago, Plaintiff began working as the superintendent of 600 Trinity Avenue, Bronx, New York (the "Building"), a multi-family apartment building with approximately 50 apartment units.

14.    Plaintiff remained Defendants' employee until on or about August 16, 2021, when Defendants sold the Building.

**Defendants and the Morgan Enterprise:**

15.    Upon information and belief, Defendants operate the Morgan Enterprise as a unified enterprise, for a common business purpose, to wit: directly and/or indirectly owning, managing and controlling the Morgan Buildings from the Defendants' main office located at 1 Sound Shore Drive, Suite 203, Greenwich, CT 06830.

16.    Members of the Morgan Family, including Morgan, hold senior positions in the limited liability companies through which Defendants control and own the Morgan Buildings.

17.    Simply by way of example, loan documents relating to the Building that were filed with the New York City Department of Finance identify Morgan as the Managing

Member of 600 Trinity, which, during the time periods relevant to Plaintiff's claims, held title to the Building, as well as Managing Member of other title-holding entities through which Defendants exercise ownership and control of the Morgan Buildings.

18.     Upon information and belief, the Morgan Group is a New York corporation doing business in Bronx County, New York, with a principal place of business at 1 Sound Shore Drive, Suite 203, Greenwich, Connecticut 06830.

19.     Upon information and belief, although Defendants sometimes use the fictitious name "Morgan Group LLC," there is no such entity authorized to conduct business in New York State.

20.     Upon information and belief, Defendants interchangeably referred to "The Morgan Group LLC" and "600 Trinity LLC" as owners of the Building.

21.     Upon information and belief, 600 Trinity is a corporation organized under the laws of the State of New York, with offices for the conduct of business at 1 Sound Shore Drive, Suite 203, Greenwich, CT 06830.

22.     Upon information and belief, 600 Trinity is controlled by members of the Morgan Family, and it has offices located at 1 Sound Shore Drive, Suite 203, Greenwich, Connecticut 06830.

23.     Upon information and belief, Morgan is a natural person, who is Managing Member of 600 Trinity, and he transacts business in New York State through his ownership, management and control of the Morgan Buildings and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Fed. R. Civ. P. 4(h)(1).

24.     Defendants are an integrated enterprise, with common management, control, personnel policies, ownership, and inextricably intertwined operations and functioning.

## FACTUAL ALLEGATIONS

25.     Defendants knowingly engaged in unlawful business practices by requiring Plaintiff to work numerous hours of overtime on a daily and/or weekly basis without overtime compensation that Defendants were obligated to pay under the FLSA and NYLL; paying flat weekly sums that resulted in effective hourly rates that fell below New York minimum wage; illegally deducting sums from paychecks; and failing to provide wage notices and wage statements required by NYLL.

26.     The systemic and willful nature of Defendants' wage violations is reflected in prior lawsuits brought against the Morgan Group, which allege overtime violations that are substantially similar to the unlawful conduct alleged by Plaintiff herein.

27.     Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28.     The use of extensive supplies, tools and materials travelling in interstate commerce was a daily part of Plaintiff's job duties and, upon information and belief, a regular part of the duties of other superintendents employed by Defendants.

29.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA and all other statutes referred to in this Complaint.

30.     At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL, §§ 2 and 651.

31.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

32.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay maintenance workers by the same method, and share control over employees.

33.     Each Defendant possessed substantial control over the policies and practices relating to Plaintiff's working conditions and wages.

34.     Defendants jointly employed Plaintiff and are Plaintiff's employer within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

35.     In the alternative, Defendants constituted a single employer of Plaintiff.

36.     Upon information and belief, Morgan operated the corporate defendants as either alter egos of himself and/or he failed to operate the corporate defendants as legally separate entities apart from himself.

37.     Upon information and belief, the assets and revenues of the corporate defendants were intermingled, including, *inter alia*, using assets and revenues from multiple title-holding entities as collateral for loans that benefitted the entire Morgan Enterprise.

**Factual Allegations Relating to Plaintiff's Wage Claims:**

38.     Plaintiff has worked as the Building's Superintendent since approximately April 2010.

39.     Defendants became Plaintiff's employer in or about February 2012, when Defendants purchased the Building.

40.     Defendants continued to be Plaintiff's employer until on or about August 16, 2021.

41.     Defendants failed to provide Plaintiff with a time-of-hire wage notice, in violation of NYLL § 195(1).

42.     Defendants issued weekly checks to Plaintiff in the gross amount of $473.00, which covered only the first 40 hours of work per week, and did not pay Plaintiff for the

substantial overtime hours (i.e., hours worked above the first 40 hours of work per work week) that Plaintiff worked.

43.     During extended periods of his employment, Plaintiff's rate of pay per week was below the minimum wage rate applicable to large employers in New York City.

44.     For example, for the pay period ending May 14, 2021, the minimum wage rate applicable to large employers in New York City was $15.00.  However, during this period, Plaintiff's effective, regular hourly rate of pay was $11.83 ($473.00 ÷ 40).

45.     Plaintiff's  duties involved building maintenance, including removal of trash and recyclables, painting apartments and common areas, light electrical work, light plumbing, apartment turnovers, being on-call for after-hour complaints, interacting with contractors, accepting deliveries, handling leaks, shoveling snow, removing graffiti, and cleaning common areas.

46.     Tenants communicated with Plaintiff at all hours of the day and night.

47.     Plaintiff regularly worked 58 or more hours per week, as follows: Monday through Friday (weekdays): from approximately 8:00 a.m. to approximately 6:00 p.m., with no regularly scheduled, uninterrupted lunch breaks; Saturdays: from 8:00 a.m. to 2:00 p.m.; and on many Sundays, typically for one or two hours.

48.     But in actuality, Plaintiff was required to be on-call and handle tenant requests at all hours, including in late evenings, which entailed work hours that were far in excess of his foregoing regular schedule, and for which he was not paid any wages.

49.     Solely by way of example, in or about the summer of 2019, a toilet in a sixth floor apartment severely leaked during nighttime hours, causing water to spread though the Building, to the basement.  This incident, and countless similar incidents, caused Plaintiff to work significantly more hours than his regular weekly schedule of 58 hours per week.

50.     By way of further example, during the period of the Thanksgiving holiday of 2020, a third floor sink clogged, also causing water to leak to the Building's basement.  This incident, which occurred at night, similarly caused Plaintiff to work significantly more hours than his regular weekly schedule of 58 hours.

51.     Plaintiff utilized his own tools of the trade, without reimbursement from Defendants, including, among other tools, a package of drills purchased for approximately $350.00.

## AS AND FOR A FIRST CAUSE OF ACTION
### FLSA Overtime Wage Violations, 29 U.S.C. §§ 201 *et seq.*

52.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

53.     At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d).  Defendants employed Plaintiff as a maintenance worker, employment positions which engaged Plaintiff in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1). At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

54.     In the performance of his duties for Defendants, Plaintiff worked substantially more than forty (40) hours per week, yet did not receive overtime compensation for the work, labor and services he provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be proven at trial.

55.     Defendants' violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

56.     Plaintiff seeks judgment against Defendants for all unpaid wages, including overtime wages owed by Defendants to Plaintiff for the three-year period preceding the filing

of this case, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### Violation of the New York Minimum Wage Act

57.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58.     The minimum wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiff.

59.     Defendants, in violation of the NYLL, willfully paid Plaintiff less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

60.     Plaintiff was damaged in amounts to be determined at trial.

61.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## AS AND FOR A THIRD CAUSE OF ACTION
### New York Labor Law – Overtime Wages

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     The overtime wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiff.

64.     Defendants willfully failed to pay Plaintiff for all of the hours that he worked in excess of 40 hours in a workweek.

65.     Defendants willfully failed to pay Plaintiff overtime at a rate of time and one-half his effective, regular hourly rate for hours worked in excess of 40 hours per workweek.

66.     Defendants willfully failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

67.     As a result of Defendants' willful failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek (to wit, typically 18 hours of overtime per week), Plaintiff is entitled to compensation for unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements**

68.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

69.     The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

70.     Defendants willfully failed to provide Plaintiff with wage statements at the end of every pay period that correctly identified the regular hourly rate; whether paid by the hour, shift, day, week, salary, piece, commission, or other; number of overtime hours worked; gross wages; allowances, if any, claimed as part of the minimum wage; and such other information as required by NYLL § 195(3).

71.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, together with costs, reasonable attorneys' fees, pre-judgment and post-judgment interest, and injunctive and declaratory relief, pursuant to the NYLL § 198(1-d).

**AS AND FOR A FIFTH CAUSE OF ACTION**
**NYLL Wage Theft Prevention Act (WTPA) – Failure to Provide Wage Notices**

72.     Plaintiff incorporates by reference in this cause of action the prior allegations of this Complaint as if fully alleged herein.

73.     The NYLL and WTPA, as well as the NYLL's interpretative wage orders, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

74.     From its enactment on April 9, 2011 through January 5, 2016, the WTPA also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment (amended in January 2015 to be distributed "upon hiring" and not annually) and to provide to employees, a written notice setting forth the employee's rates of pay and basis thereof; the name of the employer; physical address of the employer's business; names used by the employer; and other mandated disclosure.

75.     In violation of NYLL § 191, Defendants willfully failed to furnish Plaintiff, at the time of hiring (and annually for those years prior to the January 2015 amendment) or whenever there was a change to their rate of pay, with wage notices required by NYLL § 191.

76.     Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages, including: $50.00 per work day, up to $5,000.00, together with reasonable attorneys' fees, and costs of this action, pursuant to the NYLL § 198(1-b).

## **RELIEF SOUGHT**

**WHEREFORE,** Plaintiff, Roberto Santos Guzman, respectfully requests that the Court grant the following relief:

1.     Declaring, adjudging and decreeing that Defendants violated the minimum wage and overtime provisions of the FLSA and NYLL as to Plaintiff;

2.     Awarding Plaintiff damages and restitution for unpaid compensation, unpaid minimum wages, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial, as well as liquidated damages;

3.      Awarding statutory damages for Defendants' failure to provide Plaintiff with statements and information required by NYLL § 198(1-b) and (1-d) and NYLL § 195(3);

4.      Awarding statutory damages for Defendants' violation of NYLL § 191 by failing to furnish Plaintiff, at the time of hiring (and annually for those years prior to the January 2015 amendment) or whenever there was a change to his rate of pay, with wage notices required by NYLL § 191;

5.      Declaring that Defendants' violations of the NYLL were willful;

6.      For all other Orders, findings and determinations identified and sought in this Complaint;

7.      For prejudgment and post judgment interest on the amount of any and all economic losses, at the prevailing legal rate;

8.      For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law; and

9.      Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:  New York, New York
        August 25, 2022

**RAPAPORT LAW FIRM, PLLC**

/s/

By:     _____

        Marc A. Rapaport, Esq.
        80 Eighth Avenue, Suite 206
        New York, New York 10011
        Ph: (212) 382-1600
        mrapaport@rapaportlaw.com

        and

**MILLER LAW, PLLC**

By:                /s/
        _____
        Meredith R. Miller, Esq.
        167 Madison Ave, Suite 503
        New York, New York 10016
        Ph: (347) 878-2587
        meredith@millerlaw.nyc

        *Attorneys for Plaintiff*
        *Roberto Santos Guzman*